# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD PATRICK NORRIS, | ) |
| Plaintiffs, | ) |
| v. | ) No.: 19-cv-3251-MMM |
| ADAMS COUNTY JAIL ADMINISTRATOR CHAD DOWNS, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement and deliberate indifference to his serious medical needs at the Adams County Jail ("Jail").  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ANALYSIS

Plaintiff, a pretrial detainee, alleges that he was held under deplorable conditions at the Jail from February 16, 2018 through February 25, 2019.  Plaintiff recites a lengthy litany of offenses, not identifying any Defendant whom he holds responsible for the alleged violations.

1

Plaintiff claims that the ceiling leaked when it rained, and that the drains were clogged in the shower, sink and toilet. He indicates that "sludge" would seep up through the drain on the floor and he would have to mop the floor 10 times per day or otherwise be required to walk through sewage. Despite these conditions, Plaintiff was not given an adequate amount or bleach or anti-bacterial products with which to clean. He complains, also, of the lack of a privacy shower curtain.

Plaintiff claims that the sink faucets did not work properly and that there was black and red mold throughout the facility. He claims, also, that the drinking water was full of "contaminants" not otherwise identified. He claims that the paint was peeling and that there were paint chips on the floor. In addition, flies and maggots would congregate in the area around the drains and there were huge roaches under the sinks. He complains, also, of the lack of fresh air, asserting that the ventilation was poor. In addition, he was subject to overcrowding, not given free toiletries and not provided properly fitting clothes.

Plaintiff takes issue with the fact that he was shackled when going to court, claiming that the shackling caused him to fall multiple times while climbing stairs. He also complains that in the booking area male and female detainees and arrestees were seated next to each other. In addition, there was only one small "privacy box" for attorney visits. Plaintiff also asserts that he was not allowed to review DVDs and other evidence against him. He complains that he was not allowed to bring his paperwork when he was transferred to IDOC. Plaintiff does not allege, however, that these documents were not boxed up and sent to him.

Plaintiff appears to make claims on behalf of other inmates alleging that many suffered from scabies, rashes and MRSA infections, though personally claiming only that he suffered from scabies. He also asserts that detainees who wish to be moved for security reasons were told

by Officer Laura Graham that they should "man up". Plaintiff does not claim, however, that he requested and was refused a transfer, or that Officer Graham made this comment to him.

Plaintiff also has complaints regarding medical treatment. He claims to have been denied unidentified PRN("as-need") medications. Plaintiff claims that he was required to take all of his medications and if he refused, he would be given none. He claims that an unidentified doctor and nurse refused to renew his lapsed prescriptions and when his seizure medicine had run out, staff would not prescribe a substitute. He indicates that there were certain medications the jail would not prescribe, and he was required to go through his family doctor to obtain them. Plaintiff alleges that it took weeks to get a mental health appointment and then it was conducted on a laptop. He claims that poorly trained officers were handing out medications and that they did not wear gloves while doing so. He complains that TB tests were not administered. He claims, vaguely, that the nurses were not "proficient." He claims he was not given a dental appointment even though he had a tooth infection. He claims that the nurses refused to believe that "all" of the inmates had scabies and provided creams that were ineffective. Plaintiff claims that he was grossly overcharged for aspirin and Tums.

**ANALYSIS**

As Plaintiff is a pretrial detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Under the Fourteenth Amendment standard, a detainee must make an objective showing that the challenged conditions were sufficiently serious and a subjective showing that "the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). That is, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable

care to mitigate the risk." *Id.* at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *12 (7th Cir. 2018). Furthermore, the conditions of confinement must amount to extreme deprivation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Conditions which are "restrictive and even harsh" do not reach this standard. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Plaintiff names Jail Administrator Chad Down, Adams County Sheriff Brian Vondehaar, Officers Laura Graham and Boden and a Jane Doe Nurse. He does not, however, provide sufficient information as to any harm he suffered or that any particular Defendant was aware of the harm and deliberately indifferent to it. While Plaintiff complains of peeling paint, poor air quality and unidentified contaminants in the water, he does not claim that these caused him harm. In addition, he fails to plead that any particular Defendant was aware of any potential harm and deliberately indifferent to it. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008).

It is well recognized that for liability to attach under Section 1983, a defendant must have been "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill. 2013) (quoting *Sanville,* 266 F.3d at 740). The only individual Plaintiff identified within the complaint is Officer Laura Graham. Plaintiff, however, only pleads that she told others to "man up." This is an insufficient basis for a § 1983 claim and, further, wrongly attempts to

4

assert claims on behalf of other inmates.

The Federal Rules at Fed.R.Civ.P. 8 (a) require a "short and plain statement of the claim" sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir 2006). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Here, none of the five Defendants would have adequate notice of the claims against them.

Plaintiff also pleads claims that do not assert constitutional violations. These include the lack of a privacy shower curtain, being shackled while transported to court, the seating of male and female detainees/arrestees together, the small space afforded for attorney visits and not being allowed to personally carry his documents to IDOC. In addition, while Plaintiff complains that he was not provided hygiene items, he does not reveal how long he went without them or whether he had the opportunity to purchase them from the Jail commissary. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment.)

Plaintiff also request money damage without having clearly pled a physical injury. While a prisoner subjected to harsh conditions may recover even if he did not suffer disease or physical pain, he may only receive nominal, delaratory or punitive damages, not compensatory damages. *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). This is so, as under "42 U.S.C. §1997e(e),

a prisoner cannot obtain compensatory damages without proving a physical injury. But 'physical injury ... is not a filing prerequisite for the federal civil action itself,' because the prisoner can still obtain injunctive relief, nominal damages, and punitive damages." *Id.* at 614 (internal citation omitted).

Plaintiff's allegations regarding medical care do not identify the dates of the alleged constitutional violations or identify those who caused them. Furthermore, these claims involve claims and Defendants unrelated to the physical conditions of confinement and represent a misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law. *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). Plaintiff's medical deliberate indifference claims are DISMISSED without prejudice to his filing them in a separate lawsuit with responsibility for the attendant filing fee. This same reasoning applies to Plaintiff's claims that he was not provided discovery related to the criminal charges against him.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his conditions of confinement claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior

pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's medical deliberate indifference claims, and claims related to his underlying criminal charges are DISMISSED without prejudice to his filing them in a separate lawsuit with responsibility for the attendant filing fee.

3. Plaintiff files [4] a motion for recruitment of *pro bono* counsel. Plaintiff does not document that he attempted to secure counsel on his own in this case. He claims only that he tried and was unable to secure counsel in a prior case. This is insufficient to establish that Plaintiff made a good faith effort here. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time.

2/6/2020
ENTERED

s/ Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE