E-FILED
Monday, 29 June, 2020  09:49:03 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

EDWARD PATRICK NORRIS,                )
                                      )
                    **Plaintiffs,**   )
        v.                            )        **No.: 19-cv-3251-MMM**
                                      )
ADAMS COUNTY JAIL ADMINISTRATOR       )
CHAD DOWNS, et al.,                   )
                                      )
                    **Defendants.**   )

### MERIT REVIEW- AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983 alleging

inhumane conditions of confinement and a host of other constitutional violations at the Adams

County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. §

1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally

construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).

However, conclusory statements and labels are insufficient.  Enough facts must be provided to

"state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418,

422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard

does not require "detailed factual allegations", it requires "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th

Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### ANALYSIS

Plaintiff is a pretrial detainee whose § 1983 claim is reviewed under the Due Process

Clause of the Fourteenth Amendment. Under the Fourteenth Amendment standard, a detainee

must make an objective showing that the challenged conditions were sufficiently serious and that

Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *12 (7th Cir. 2018).

Plaintiff's original complaint was dismissed with instructions. Plaintiff has filed an amended claim in which he, largely, did not follow those instructions. Plaintiff has, however, provided additional information as to the injuries he has sustained. When Plaintiff filed his amended complaint, he also filed an "Affirmative Defense" to the Court's merit review order. There, he claimed that the order was in error and insisted that respondeat superior does, indeed, apply to his claims. As Plaintiff has filed an amended complaint, the Court finds that the objection to the merit review order, filed as an Affirmative Defense [ECF 14-1], is rendered MOOT.

In the Court's initial merit review order, it had dismissed  many of Plaintiff's claims, including deliberate indifference to his serious medical needs as mis-joined with his conditions of confinement claims. *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008) (Defendants are properly joined only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law). Not dissuaded, Plaintiff has replead them all here.

Plaintiff alleges that he was held at the Jail under deplorable conditions from February 16, 2018 through February 25, 2019. These conditions included black and red mold which caused him breathing problems and exacerbated his underlying asthma. He alleges that "staff" was aware of the problems and that the mold was clearly visible. He claims that the ceiling

2

leaked dirty water when it rained, causing slippery floors and "bacterial hazards." Plaintiff

claims that "staff" were asked to provide cleaning supplies, but rarely gave them.

Plaintiff claims that the toilet and sink in his cell leaked for a month and he had to use

towels to soak up the water. It appears that a replacement part was ordered for the plumbing in

his cell, but it was six weeks before the problem was fixed. In the meantime, the water in

Plaintiff's cell was shut off for one month, causing him dehydration. Plaintiff asserts that Sheriff

Downs personally "came and worked on the problem." He also claims that the water quality in

the cells was poor, causing gastrointestinal problems to himself and others.

Plaintiff claims that the drains backed-up, flooding the shower with bacteria, feces and

E. coli, causing him to experience constant and severe rashes. He claims that the paint was

peeling and that there were paint chips on the floor and, as a result, he had to use an asthma

inhaler and nasal spray several times per day. In addition, flies and maggots would congregate in

the area around the drains and bugs would crawl on him. Plaintiff claims that he grieved these

conditions, "the whole staff" knew of them, and took no efforts to control the pests. Plaintiff

claims that he was often bitten and had scabies for the entire length of his detention.

Plaintiff complains that the ventilation was poor and blew foul air, exacerbating his

asthma. He claims that detainees were not given any yard time or recreation, though there was a

small dayroom available to them. Plaintiff claims that the lack of sunlight caused him extreme

depression, anhedonia and anxiety. These claims will proceed.

Plaintiff reasserts his claim as to overcrowding. He alleges that three or more detainees

were placed in cells intended for two. He alleges that, as a result, he had to sleep on the cell floor

next to the toilet for six months. However, overcrowding, by itself, does not violate the

Constitution. *Chairs v. Watson*, 2013 WL 2147451, at *1 (S.D.Ill. May 15, 2013) citing *Hubbard*

*v. Taylor,* 538 F.3d 229 (3d Cir. 2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison). This is so, even in cases where a detainee was required to sleep on a mattress on the floor for three to seven months. *Id.* at 235. This claim is DISMISSED.

Plaintiff complains that he was shackled when transported to and from court and had to walk up and down two flights of stairs. Plaintiff claims that this caused him to fall multiple times. Plaintiff does not allege a defect in the stairs or that anything, other than being shackled, which caused or contributed to the fall. Shackling a detainee during transport does not amount to punishment and does not violate the Constitution. *Taylor v. Widup*, No. 07-301, 2007 WL 3256598, at *5 (N.D. Ind. Nov. 2, 2007). This claim is DISMISSED.

Plaintiff also fails to plead a cognizable claim regarding his complaint that male and female detainees as well as federal prisoners were seated next to one another in the booking area. Plaintiff's complaints that the guards served food without wearing gloves or hairnets, that he was only given one jumpsuit and clothing was not properly sized, all fail to rise to the level of constitutional violations and are DISMISSED. *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) (conditions which are "restrictive and even harsh" do not violate a constitutional standard).

Plaintiff identifies privacy claims, that the toilet in his cell could be viewed from the catwalk and that he went eight months without a shower curtain. While Plaintiff asserts that this indicate a lack of respect for his privacy, "[n]either detainees nor prisoners have a right to be free from reasonable surveillance." *Jones v. Hanes*, 19-CV-411-JPG, 2019 WL 3074074, at *2 (S.D. Ill. July 15, 2019. *See id.* (surveillance camera viewing of detainee in shower and toilet did not violate the Constitution). Plaintiff's privacy claims are DISMISSED.

4

Plaintiff pleads a myriad of unrelated claims: a lack of mental health services, deliberate indifference to his serous medical needs, the failure to provide him a Bible or religious services, the failure to provide a means for reviewing DVDs relating to his criminal case, violations of attorney-client privilege, the failure to provide him a TB test, the loss of his legal paperwork, the failure to move him after he was threatened by his cellmate, and the failure to provide him pens and envelopes, presumably restricting his access to the courts. These are, once again, DISMISSED for misjoinder. If Plaintiff wishes to pursue these claims, he must file them as separate actions with responsibility for the attendant filing fees.

There remains an issue as to which Defendants are accountable for the allegedly inhumane conditions. Plaintiff claims, generically, that "staff" were aware of the conditions. He does not, however, identify any particular Defendant to whom he made complaints. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under §1983 can only be based upon a finding that the defendant caused the deprivation alleged). Plaintiff specifically states, however, that Jail Administrator Chad Down came to fix the plumbing problem. As Defendants Downs was presumably aware of the other conditions as well, and as he seems to be an individual who likely had responsibility for maintaining the Jail, this case shall proceed against him. This case will also proceed against Adams County Sheriff Vondehaar, who presumably, also had the authority to remediate the described conditions. All other Defendants are DISMISSED. *See McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991) (a plaintiff may not "tax employees of the prison system with the effects of circumstances beyond their control.")

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed against Defendants Downs and Vonderhaar on the conditions of confinement claims identified herein. All other claims and all other Defendants are DISMISSED.

2.      The Clerk is directed to send to Defendants pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3.      If Defendants fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4.      Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.      Counsel for each Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

   1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

   2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

   LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF

FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


ENTERED:   6/29/2020


     s/ Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE